**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **RICKY J. KEELE,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **3:15-CV-1338-D-BK** |
| | § | **(3:09-CR-00249-D-15)** |
| **UNITED STATES OF AMERICA,** | § | |
| **Respondent.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was automatically referred to the United States Magistrate Judge.  Petitioner, a former federal prisoner, filed a *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.  For the reasons that follow, it is recommended that the motion be summarily dismissed.

Petitioner pled guilty to aiding and abetting the removal of property to prevent seizure, and was sentenced to 24 months' imprisonment and ordered to pay $3,691,102.70 in restitution. *United States v. Kelle*, No. 3:09-CR-249-D-15 (N.D. Tex. 2012), *appeal dism.*, 357 F.3d 532 (5th Cir. 2014) (holding appeal waiver precluded appeal of restitution order), *cert. denied*, 135 S.Ct. 1174 (2015).  On April 29, 2015, Petitioner filed this section 2255 motion alleging ineffective assistance of counsel during the plea bargaining process.  Doc. 2 at 1.  Specifically, he asserts counsel failed to advise him of the effects of the appeal waiver on his right to challenge the restitution order, the latter requiring his performance for 20 more years.  Doc. 2 at 2, 4.

Petitioner is not in custody pursuant to the judgment in No. 3:09-CR-249-D-15.  In answer to the questionnaire, he concedes that he completed his 24-month sentence of imprisonment on April 24, 2014.  Doc. 4 at 3.  He also avers that his one-year term of supervised released concluded on April 24, 2015, four days before he filed this motion.  Doc. 4 at 4.

Accordingly, because Petitioner is not currently in custody pursuant to the judgment in No. 3:09-CR-249-D-15, the Court lacks jurisdiction to consider his section 2255 motion. *See* 28 U.S.C. § 2255 (a federal court has jurisdiction to consider a section 2255 motion in behalf of "[a] prisoner *in custody* under sentence of a court established by Act of Congress") (emphasis added); *see also Maleng v. Cook*, 490 U.S. 488, 490-492 (1989) (an individual is not "in custody" when the sentence imposed for a conviction has completely expired); *United States v. Esogbue*, 357 F.3d 532, 534 (5th Cir. 1994) (extending *Maleng* to section 2255 cases). Additionally, even assuming Petitioner were in custody, the Court lacks jurisdiction under section 2255 to address his claim of ineffective assistance of counsel, challenging the restitution order. *See United States v. Hatten*, 167 F.3d 884, 887 and nn. 5 & 6 (5th Cir. 1999) (a restitution challenge may not be addressed under section 2255 because the petitioner does not claim the right to release from custody); *Campbell v. United States*, 330 Fed. Appx. 482, 482-483 (5th Cir. 2009) (per curiam) (claims concerning restitution should be raised on direct appeal not a section 2255 motion); *Bazemore v. United States*, No. 3:07-CR-312-K, 2010 WL 4860783, at *4 (N.D. Tex. Nov. 29, 2010) (ineffective assistance claims based on restitution are not cognizable in a section 2255 motion).

## RECOMMENDATION

For the foregoing reasons, it is recommended that the motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 be **DISMISSED** without prejudice for want of jurisdiction.

SIGNED June 16, 2015.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).


RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE